**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW KERNS,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Civil Action No. 2:26-cv-6094 |

# COMPLAINT

1. Plaintiff Matthew Kerns brings this action against Defendant Life Insurance Company of North America under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover long-term disability benefits wrongfully denied under an employee welfare benefit plan sponsored by Compass Group and insured by Defendant. This action arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff reserves all rights under ERISA § 502(a) and ERISA § 502(g), 29 U.S.C. § 1132(g).

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically ERISA.

3. This Court also has jurisdiction under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4. Venue is proper in this District under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 50 South 16th Street,

Two Liberty Place, Philadelphia, Pennsylvania 19102, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

5. Plaintiff Matthew Kerns is a natural person who, at all times relevant to this action, was employed by Compass Group and was a participant in and covered by the employee welfare benefit plan at issue.

6. Defendant Life Insurance Company of North America maintains an office and conducts business at 50 South 16th Street, Two Liberty Place, Philadelphia, Pennsylvania 19102.

7. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue.

8. At all times relevant to this action, Plaintiff was employed by Compass Group, the plan sponsor.

9. Compass Group established and maintained an employee welfare benefit plan (the "Plan") providing long-term disability ("LTD") benefits to eligible employees, including Plaintiff.

10. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and is governed by ERISA.

11. The LTD coverage at issue was issued under Policy Number VDT-0980211.

12. Plaintiff's claim under the Plan is identified as Claim Number 14480516-02.

13. Plaintiff's job title at Compass Group was Office Manager.

14. Plaintiff last worked on May 19, 2025.

15. Plaintiff became unable to perform the material duties of his occupation due to CHF with low ejection fraction (EF 30-35%).

16. Plaintiff's functional limitations prevented him from performing the material duties of his occupation as required by the Plan.

17. Plaintiff submitted medical and claim information supporting his disability to Defendant.

18. Plaintiff satisfied all conditions precedent to the receipt of benefits under the Plan, or such conditions were waived, excused, or otherwise satisfied.

19. Plaintiff submitted a claim for LTD benefits under the Plan.

20. By letter dated January 5, 2026, Defendant issued an initial adverse benefit determination denying Plaintiff's claim for LTD benefits.

21. Plaintiff timely appealed the initial adverse benefit determination.

22. By letter dated February 18, 2026, Defendant issued a final adverse benefit determination upholding the denial of Plaintiff's claim.

23. As stated in the February 18, 2026 final denial letter, Defendant advised that "we must uphold the prior decision to deny your client's claim," and further stated: "The information outlined above falls within the Pre-Existing Condition Limitation time frame, and therefore your client's claim has been denied."

24. Plaintiff has exhausted all administrative remedies available under the Plan and 29 C.F.R. § 2560.503-1.

25. The Pre-Existing Condition Limitation does not apply to Plaintiff's disability, and Defendant's reliance on that Limitation to deny benefits was wrongful and contrary to the terms of the Plan.

26. On information and belief, Plaintiff worked full-time for approximately eleven months after his effective date of coverage, demonstrating that any pre-coverage condition did not independently cause his disability.

27. On information and belief, the Plan's Pre-Existing Condition Limitation contains a twelve-month safe harbor, and Plaintiff's date of disability fell approximately six weeks short of that window.

28. On information and belief, Plaintiff's treating cardiologist confirmed that Plaintiff was able to work for approximately one year after implantation of his defibrillator.

29. On information and belief, the triggering event for Plaintiff's work stoppage was an employer-imposed change in his job duties to physically demanding work, not progression of the underlying cardiac condition.

30. On information and belief, Plaintiff requested workplace accommodations for the employer-imposed change in duties, and those requests were denied.

31. On information and belief, Defendant's peer reviewer did not examine Plaintiff and did not address the causal link between the employer-imposed change in Plaintiff's job duties and Plaintiff's functional disability.

**STANDARD OF REVIEW**

32. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

33. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I — CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B)

34. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

35. Plaintiff is a participant in and beneficiary of the Plan and is entitled to bring this action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

36. Under the terms of the Plan, Plaintiff is entitled to LTD benefits.

37. Defendant wrongfully denied Plaintiff's claim for LTD benefits in violation of the terms of the Plan and ERISA.

38. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has been deprived of benefits due under the Plan.

39. Plaintiff is entitled to recover past-due benefits and to a clarification of his rights to future benefits under the Plan pursuant to ERISA § 502(a)(1)(B), together with prejudgment interest and attorney's fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g).

COUNT II — CLARIFICATION OF RIGHTS TO FUTURE BENEFITS UNDER ERISA § 502(a)(1)(B)

40. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

41. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant to bring a civil action to clarify his rights to future benefits under the terms of a plan.

42. Plaintiff remains disabled within the meaning of the Plan and remains entitled to continuing LTD benefits under the Plan's continuing-disability provisions.

43. An actual controversy exists between the parties regarding Plaintiff's entitlement to continuing benefits under the Plan.

44. Plaintiff is entitled to a declaration of his rights to future LTD benefits under the terms of the Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant the following relief:

A. Past-due benefits from the date of termination through the date of judgment;

B. Prejudgment interest on past-due benefits;

C. A declaration that Plaintiff remains entitled to continuing LTD benefits going forward under the terms of the Plan;

D. Attorney's fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g));

E. Costs of suit; and

F. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL**

Plaintiff respectfully requests a trial on the administrative record.

Respectfully submitted,

/s/Nicholas Feden
Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com
Attorney for Plaintiff